## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CHUAN ZHANG,** | ) | **C.A. No.  15-12040** |
| **Plaintiff** | ) |  |
|  | ) |  |
| **v.** | ) |  |
|  | ) | **COMPLAINT AND JURY CLAIM** |
| **SENECA INSURANCE CO., INC.,** | ) |  |
| **Defendant** | ) |  |
|  | ) |  |

### PARTIES, JURISDICTION AND VENUE

1.   Plaintiff, Chuan Zhang (hereinafter "Zhang"), is presently a resident of Westwood, County of Norfolk, Commonwealth of Massachusetts.

2.   Defendant, Seneca Insurance Co., Inc. (hereinafter "Seneca") is an insurance company with a principal place of business at 160 Water Street, 16th Floor, New York, NY.  At all times material hereto, Seneca was authorized to issue policies of insurance in the Commonwealth of Massachusetts.

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between parties that are citizens of different states.

4.   Venue is proper under 28 U.S.C. § 1391(b) in that the defendants are either: 1) domiciled within the judicial district; or 2) subject to process within the judicial district.

## GENERAL ALLEGATIONS

5.  Plaintiff hereby restates and re-alleges paragraphs 1- 4 as if the same were fully stated herein.

6.  At all times material hereto, the Plaintiff Chuan Zhang had an insurable interest in the property located at 223 Daniel Webster Highway in Belmont, New Hampshire (hereinafter "Subject Property").

7.  Seneca Insurance issued policy number CMP 2005219 to the Plaintiff Chuan Zhang to insure the property located at 223 Daniel Webster Highway in Belmont, New Hampshire against the risk of physical loss for up to $800,000.00 per loss, effective dates of coverage March 22, 2013 – March 22, 2014. (hereinafter "subject policy")

8.  Exhibit A is a true and genuine copy of the subject policy.

9.  By the policy, Seneca obligated itself to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Exhibit A, p. 021, CP 00 10 06 07, p. 1).

10. The covered property and premises was the subject property, a then-vacant building located at 223 Daniel Webster Highway in Belmont, New Hampshire.

11. Plaintiff Chuan Zhang, at all times material, complied with all provisions contained within the subject policy, and all payments necessary to keep the subject policy in full force and effect throughout the policy period were made.

12. While the subject policy was in full force and effect, on or about February 6, 2014 the subject property and its contents sustained substantial damage and related

2

damages as a result of a melting ice and snow/water infiltration and subsequent water loss (hereinafter the "Subject Loss").

13. Thereafter, notice of the loss and damage was properly given by the Plaintiff and/or others acting on behalf of the Plaintiff to Seneca in accordance with the terms of the subject policy.

14. Plaintiff otherwise complied with all policy conditions precedent requirements and entitlement for payment under the issued policy with the Defendant, Seneca.

15. The Defendant nonetheless denied Plaintiff's claim in reliance upon the claimed applicability of a sprinkler leakage exclusion and also the claimed applicability of the exclusions related to "faulty workmanship, wear, tear, and deterioration to the roofing system."

16. Despite the claims of Seneca to the contrary, the subject loss should have been covered under the terms of the subject policy.

17. By letter dated March 2, 2015, Plaintiff, through her attorneys, set forth a demand for relief pursuant to Massachusetts G.L. c.93A, §§2, 9 and 11, and/or applicable New Hampshire law (hereinafter "93A demand"). (Exhibit B).

18. Within the subject policy, "Covered Causes of Loss" means Risks of Direct Physical Loss unless the loss is excluded or limited. (Exhibit A, p. 048, CP 10 30 06 07, p. 1).

19. The subject policy does not define "Risks" or "Risks of Direct Physical Loss;" however, this type of policy is commonly referred to as an "all risk" or "multi-peril"

policy." <u>Driscoll v. Providence Mutual Fire Insurance Company</u>, 2004 WL 5257395.

20. All risk policies cover all fortuitous physical losses or damage unless a specific provision expressly excludes the loss from coverage. <u>HRG Development Corp. V. Graphic Arts Mut. Ins. Co.</u>, 26 Mass. App. Ct. 374, 376 (1988).

21. Seneca has raised an issue as to workmanship relative to the rubber membrane roof on the subject property. However, the rubber membrane roof had been installed approximately 4 years prior to the subject loss and had weathered 3½ winter seasons without event.

22. The subject loss was originally precipitated by the thawing of snow, sleet or ice on the roof of the building.

23. The thawing of snow, sleet or ice on the roof of the building was also coupled with excessive winds in the area in the weeks preceding the loss.

24. These two fortuitous events caused the otherwise serviceable rubber membrane roof to sustain small openings permitting the entry of water.

25. Both the high winds and the thawing of snow, sleet or ice on the roof are fortuitous events that are covered under the express terms of the subject policy.

26. It appears that once water entered the building through the roof, the entering water shorted out the thermostats, triggering a loss of heat in the subject property.

27. It also appears that the loss of heat caused the sprinklers in the kitchen area to discharge.

28. The exclusions relied upon by Seneca relating to faulty workmanship, maintenance and/or wear and tear are characterized by language which provides for payment of the loss or damage if the excluded cause results in ensuing damage, apart from the damage which is itself excluded. These provisions are commonly known as "ensuing loss provisions."

29. Based upon the application of the ensuing loss provisions, any issues as to faulty maintenance, wear and tear, or faulty workmanship relative to the roof would not operate to preclude coverage for the insured's claim.

30. Seneca has acknowledged that water discharge from the sprinklers was not the only cause of the loss to the subject property.

31. In such a circumstance, unless Seneca can somehow establish that the sprinkler leakage was responsible for the entire loss, the claim was wrongfully denied.

32. The proximate cause of the subject loss was the melting ice and snow and wind conditions which exposed the roof to water infiltration, which in turn led to the short-circuiting of the thermostats, which in turn led to a loss of heat, which in turn led to a discharge of the sprinklers.

33. As a fortuitous loss caused water to penetrate the roof membrane, under well-settled principles of insurance policy interpretation, the loss which ensued from the water infiltration caused by the fortuitous events relating to the roof is also covered under the policy.

34. In its communications shortly after the loss, Seneca referred to inspections of the subject property performed by certain individuals retained by Seneca. Specifically,

on or about March 18, 2014, the property was inspected by Babar M. Khan, P. E.,

a professional engineer, and Bob Kelly, a "Fire Sprinkler System Specialist," and

Earl Cook of Pineal Environmental, all individuals retained by Seneca.

35.   In reaching its decision to deny coverage, Seneca relied upon the reports produced

by these three individuals.

36.   Plaintiff requested that Seneca produce copies of the reports produced by these

three individuals, and Seneca has refused to so produce the reports.

37.   By withholding pertinent documents in order to compel the insureds to institute

litigation simply to obtain the documents which formed the basis of the denial of

coverage, Seneca stands in violation of the obligation of good faith and fair dealing,

entitling Plaintiff to multiple damages and/or attorney's fees.

## COUNT I – BREACH OF CONTRACT

38.   Plaintiff restates and re-alleges paragraphs 1- 37 as if the same were fully stated

herein.

39.    The Defendant Seneca has wrongfully, and in bad faith, denied Plaintiff's claim

although the facts of the loss applied to the express language of the subject policy

provide the basis for coverage of the claim.

40.   The refusal of Seneca to provide coverage for the Subject Loss is a breach of the

insurance contract and the implied duty of good faith and fair dealing.

41.   As a result of the Defendant's breach of contract, Plaintiff has sustained pecuniary

and financial loss, including but not limited to, deprivation of the appropriate

insurance proceeds for damage to the subject property, deprivation of the

6

appropriate insurance proceeds for damage to the contents contained within and/or about the subject property, compensation for loss of use, and the costs and attorney's fees incurred in establishing coverage under the Seneca policy.

COUNT II – VIOLATION OF MASSACHUSETTS G.L. c. 93A AND G.L. c. 176D

42. Plaintiff restates and re-alleges paragraphs 1- 41 as if the same were fully stated herein.

43. At all times relevant hereto, Seneca Insurance Co., Inc. engaged in trade or commerce with Plaintiff as defined in M.G.L. c. 93A.

44. On or about March 2, 2015, Plaintiff, through counsel, served upon Defendant a formal demand for relief in accordance with Massachusetts G.L. c. 93A §§2, 9 and/or 11.  [See Exhibit B, March 2, 2015 "formal demand for relief"].

45. The formal demand for relief described the same theories of liability herein alleged.

46. Within the formal demand for relief, the Plaintiff itemized the alleged dollar values of loss attributable to the Defendant's breach of contract and breach of the implied duty of good faith and fair dealing, category by category.

47. The Defendant has failed to make a reasonable tender of settlement in response to the Plaintiffs' formal demands for relief as provided for by Massachusetts G.L. c. 93A §9.

48. The Defendant has failed to effectuate a prompt, fair and equitable settlement of Plaintiff's insurance claim, despite the fact that liability has become reasonably clear, in violation of G.L. c. 176D, §3 and G.L. c.93A, §§2, 9, and/or 11.

7

49.   By denying coverage for a claim which fell within the express coverage provisions as stated in the subject policy, Defendant Seneca has committed unfair and deceptive practices in violation of M.G.L. c. 176D and G.L. c. 93A, §§ 2, 9, and/or 11.

50.   By withholding pertinent documents in order to compel the insureds to institute litigation simply to obtain the documents which formed the basis of the denial of coverage, Seneca stands in violation of the obligation of good faith and fair dealing, entitling Plaintiff to multiple damages and/or attorney's fees.

51.   Defendant Seneca knowingly and/or willfully violated the terms and provisions of Massachusetts G.L. c. 176D and G.L. c. 93A, §§ 2, 9, and/or 11.

52.   As a direct result of the foregoing violations of Massachusetts G.L. c. 176D and G.L. c. 93A, §§ 2, 9, and/or 11, plaintiff has sustained pecuniary and financial loss, including but not limited to, deprivation of the appropriate insurance proceeds for damage to the subject property, deprivation of the appropriate insurance proceeds for damage to the contents contained within and/or about the subject property, compensation for loss of use, and the costs and attorney's fees incurred in establishing coverage under the Seneca policy.

## COUNT III - BREACH OF THE OBLIGATION OF GOOD FAITH AND FAIR DEALING

53.   The Plaintiff repeats, restates and realleges paragraphs 1 through 52 above as if the same was fully repeated and restated herein.

54. Under the contract and agreement that existed between the Plaintiff and the Defendant, there was an obligation, as well as one imposed by law, of good faith and fair dealing to be exercised in the dealings between the parties.

55. The Defendant Seneca at all times material hereto violated the covenant and/or obligation of good faith and fair dealing by its conduct with the Plaintiff with regard to the Subject Loss causing and resulting in damage and injury to the Plaintiff.

56. The Defendant has failed to make a reasonable tender of settlement in response to the Plaintiffs' formal demands for relief.

57. The Defendant has failed to effectuate a prompt, fair and equitable settlement of Plaintiff's insurance claim, despite the fact that liability has become reasonably clear.

58. By denying coverage for a claim which fell within the express coverage provisions as stated in the subject policy, Defendant Seneca has committed unfair and deceptive practices.

59. By withholding pertinent documents in order to compel the insureds to institute litigation simply to obtain the documents which formed the basis of the denial of coverage, Seneca stands in violation of the obligation of good faith and fair dealing, entitling Plaintiff to multiple damages and/or attorney's fees.

60. The Defendant Seneca's misconduct has been knowing and willful.

61. As a direct and proximate result of the Defendant's wrongful conduct, including its breach of the obligation of good faith and fair dealing, the Plaintiff has

sustained pecuniary and financial loss, including but not limited to loss of the building, loss of contents and loss of use and/or rental value.  The Plaintiff has also incurred attorney's fee and other costs in seeking payment and coverage under the described subject policy.

COUNT IV –DECLARATORY JUDGMENT AGAINST
SENECA INSURANCE CO., INC.

62.  The Plaintiff repeats, restates and realleges paragraphs 1 through 61 above as if the same was fully repeated and restated herein.

63.  Because Seneca has engaged in bad faith claim settlement practices in violation of the subject policy and G.L. c.93A and G.L. c.176D, and has breached its contract with the Plaintiff, an actual controversy has arisen between Plaintiff and Seneca Insurance.

64.  Pursuant to 28 U.S.C. §2201, Fed. R. Civ. P. 57, and NH RS 491:22, Plaintiff requests a declaration of her right to indemnity and attorney's fees and court costs from Seneca Insurance, all arising out of the factual allegations as set forth in Paragraphs 1 through 63 of this Complaint.

WHEREFORE, the Plaintiff Chuan Zhang, respectfully requests that the Defendant, Seneca Insurance Co., Inc., be found liable for damages suffered due to its breach of contract including damages sustained by the subject property, contents, loss of use, consequential damages, as well as costs of suit, interest, attorney's fees, and such other and further relief as the Court may find just and adequate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
For the Plaintiff,
Chuan Zhang,
By her Attorney,

LAW OFFICES OF
WILLIAM T. KENNEDY, P.C.
Attorneys at Law

/s/ Joseph T. Desmond

William T. Kennedy
BBO# 268420
Joseph T. Desmond
BBO# 648556
21 McGrath Highway, Suite 404
Quincy, MA  02169-5311
(617) 773-7100

Dated: June 2, 2015

#14-7-4C

zhang\complaint and jury demand